IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELE HILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-cv-02197-S (BT) |
| | § | |
| SOUTHERN METHODIST UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michele Hill seeks leave to proceed *in forma pauperis* (IFP) in this *pro se* civil action. *See generally* IFP App. (ECF No. 4). For the reasons stated, the Court should deny Plaintiff's motion for leave to proceed IFP and dismiss her case without prejudice unless she pays the $405.00 filing fee within 30 days of an order accepting this recommendation.

**Legal Standard and Analysis**

A federal district court may authorize a person to bring a civil action IFP—that is, without the prepayment of fees—when the person submits an affidavit establishing she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The goal of this provision is to allow access to federal courts for litigants who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether the payment of fees

would "cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiff's financial resources, including whether the expenses are discretionary or mandatory." *Id.* The Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016). Further, the court may "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden,* 2022 WL 3566451, at \*1 (W.D. Tex. June 29, 2022), *rec. accepted* 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022).

Here, Plaintiff received approximately $4,094 each month from her employment until November 17, 2023. IFP App. at 2 (ECF No. 8). Plaintiff owns a home purportedly valued at $500,000 and a 2017 Nissan "Rouge" [*sic*] valued at $14,000. *Id.* at 2–3. She also holds $870 in two separate banks accounts and $100 in cash.

Based on the information provided, the Court cannot conclude that payment of the $405.00 filing fee would cause Plaintiff undue financial hardship. Plaintiff received a substantial monthly income until approximately two years ago. This income placed her well above the federal poverty threshold for either a two- or three-person household in Texas. *See* OFFICE OF THE ASSISTANT SECRETARY FOR PLANNING AND EVALUATION, *HHS Poverty Guidelines for 2025*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited November 14, 2025).

While Plaintiff's claimed expenses exceed her income, this does not indicate that payment of the filing would cause Plaintiff undue hardship.

First, Plaintiff owns a home worth a half-a-million dollars and a relatively valuable vehicle. *See* IFP App. at 2–3. Courts in this Circuit have denied applications to proceed IFP in similar circumstances. *See Powell v. Gov. Federal Rsrv. of New York*, 2014 WL 1883672, at *2 (S.D. Miss. May 12, 2014) (denying IFP application when the plaintiff's expenses exceeded income, but the plaintiff had valuable assets including a home and a vehicle).

Second, it appears that at least some of Plaintiff's expenses are discretionary and/or excessive. This includes $600 in credit card payments, $200 for transportation, and $100 for recreation. IFP App. at 4. Such expenses do not support waiver of the filing fee. *See Dobbins v. Kroger Co.*, 2009 WL 186141, at *2 (N.D. Tex. Jan. 23, 2009) (denying IFP application because, among other things, certain expenses "appear[ed] excessive without further detailed explanations"); *Ramsey v. NFI Indus.*, 2022 WL 707234, at *1 (N.D. Tex. Feb. 18, 2022), *rec. accepted* 2022 WL 705965 (N.D. Tex. Mar. 9, 2022) (treating recreation and credit card expenses as discretionary); *Hobbs v. Stanley*, 2022 WL 1510936, at *1 (W.D. Tex. Apr. 14, 2022) (treating expenses for transportation as discretionary).

Finally, Plaintiff states that she is unable to pay the filing fee because she is currently unemployed and is yet to generate income from her new business venture. IFP App. at 5. While the Court understands that unemployment is

3

burdensome, it finds that Plaintiff has adequate assets to pay the $405.00 filing fee and other costs of this suit.

## Recommendation

The Court should DENY Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss her case without prejudice unless she pays the $405.00 filing fee within 30 days of an order accepting this recommendation.

Signed November 14, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).